UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHINH N.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-2298-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ's decision found schizophrenia is a severe impairment; Plaintiff retains the residual functional capacity (RFC) to perform a full range of work, must avoid exposure to hazards including driving, and involving only occasional interaction with the public, coworkers and supervisors; Plaintiff can perform past work as a Night Auditor and other jobs in the national economy and is not disabled. Tr. 18-27.

Plaintiff contends the Court should remand this matter for further proceedings because the ALJ harmfully misevaluated his testimony, the opinions of Plaintiff's psychiatrist, Ritawari Sharangpani, M.D., and the side-effects of Plaintiff's medications on his ability to work.

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER REVERSING AND REMANDING - 1

**DISCUSSION**

Plaintiff's claimed errors weaves together the ALJ's treatment of his testimony, Dr. Sharangpani's opinions, and the side-effects of Plaintiff's medications. Plaintiff first argues the ALJ erroneously focused on whether his schizophrenia symptoms are disabling because Plaintiff testified his medications control the symptoms of his schizophrenia, and he cannot work due to the "secondary effects of these medications." Dkt. 13 at 2. Plaintiff argues his testimony supports disability because during a 4–5-hour workday as a Door Dash delivery driver, his medications cause fatigue, and he must park his vehicle and nap for about an hour. *Id.* at 3.

Plaintiff next argues the ALJ failed to provide clear and convincing reason to reject his testimony. He contends the only mention the ALJ made about his testimony is contained in the discussion of Dr. Sharangpani's opinions. The ALJ noted the doctor diagnosed Plaintiff with paranoid schizophrenia and Plaintiff was not responding to medications which caused him to sleep 11-12 hours a day, and his sleepiness required him to pull over while working. Tr. 25. The ALJ found the doctor's opinions persuasive but discounted the doctor's assessment that Plaintiff's medications caused fatigue because it is based upon Plaintiff's statements, is not consistently recorded in the treatment record, and is inconsistent with how Plaintiff could perform a delivery job, sometimes at a full-time capacity. *Id.*

The Commissioner defends the ALJ first arguing the ALJ gave several valid reasons to discount Plaintiff's testimony such as minimal and noncompliant treatment, minimal mental health symptoms and performance on testing, and inconsistency with ability to be a Door Dash driver. These arguments fail because they focus on whether Plaintiff's schizophrenia is disabling, and do not address the side-effects of medications. As noted above, Plaintiff in his opening brief

ORDER REVERSING AND REMANDING - 2

does not contend the symptoms of his schizophrenia are disabling; instead, Plaintiff argues the side-effects of his medication are disabling.

The Commissioner next contends the ALJ explicitly addressed medication side-effects by finding although Plaintiff claims he cannot work due to fatigue, in November 2023, Plaintiff said he worked full time as a Door Dash driver despite alleging disability as of May 2023. Substantial evidence does not support this finding. While Plaintiff told an examining doctor in November 2023 that he worked full time, Plaintiff's earnings records show he did not as he earned just $4032.00 for the entire calendar year of 2023. Tr. 151.

And lastly, the Commissioner argues the ALJ properly discounted Dr. Sharangpani's opinion Plaintiff's medications cause fatigue by finding the opinion is inconsistent with Plaintiff's ability to perform full time work for three years. As noted above, Plaintiff's statement he was working fulltime in November 2023 is belied by the fact he earned just $4032 for the entire year of 2023. The ALJ's reliance on Plaintiff's work for the years before May 2023 is misplaced because Plaintiff did not claim disability until May 2023.

The Court notes the ALJ also found Dr. Sharangpani's statements about fatigue were not consistent with Plaintiff's treatment record. Substantial evidence does not support this finding. The treatment record spans from April 28, 2023 to Dr. Sharangpani's opinion of October 2024. In April 2023, Plaintiff had a follow-up for cholesterol levels which noted "intense anxiety and confusion over the last few months with increasing paranoia." Tr. 209. Plaintiff was started on Risperdal, 1 mg. Tr. 303. A June 2023 record indicates Plaintiff "misunderstands surroundings," he feels "people can read his mind," and has delusions. Tr. 324. In another June 2023 record indicated Plaintiff was vague about whether his medications helped, and it was "hard to tell because he sleeps a lot." Tr. 333.

ORDER REVERSING AND REMANDING - 3

In August 2023, it was noted Plaintiff sleeps from 11 pm to noon, feels "darkness" upon waking, and Plaintiff wife indicated he sleeps a lot. Tr. 323. In November 2023, Plaintiff's records indicate he continues to be tired and "still cannot function half day, continues to be paranoid." Tr. 321. In February, 2024, it was noted Plaintiff's wife indicated "too much medication," the medication was controlling mood, but Plaintiff was delusional. Plaintiff indicated Zyprexa "makes him drowsy" was it was noted he hallucinated, sad mood, impaired judgment and no insight. Tr. 320. And in October 2024, Dr. Sharangpani reported Plaintiff has chronic severe mental illness which may or may not respond to medications and the medications cause him to sleep 11-12 hours each day. The treatment record thus indicates that at least since the onset date, Plaintiff has long struggled with drowsiness, and excessive sleepiness caused by medications contrary to the findings made by the ALJ.

## CONCLUSION

For the reasons above the Court finds the ALJ harmfully erred. The Commissioner's final decision is accordingly **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Sharangpani's opinions and Plaintiff's testimony, develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 2nd day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 4